UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21963-BLOOM
MAGISTRATE JUDGE REID

RANDY AMADOR,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## *SUA SPONTE* REPORT OF MAGISTRATE JUDGE RECOMMENDING DISMISSAL OF HABEAS CORPUS PETITION - 28 U.S.C. § 2241

### I. Introduction

Craig Manahan has filed this *pro se* emergency petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241 on behalf of Petitioner, Randy Amador, challenging the constitutionality of Amador's confinement at the Highlands County Jail in Sebring, Florida. (DE#1).

This cause has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

Because it is evident that Manahan, who does not allege to be a licensed

1

attorney, cannot bring this action on Amador's behalf, and summary dismissal is warranted, no order to show cause has been issued. *See* Rule 4, Rules Governing Section 2254[1] Proceedings; *see also, Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

## II. Procedural History

According to the petition, Randy Amador was unlawfully arrested by the Highland County Sheriff's Department for an alleged violation of probation on March 31, 2019. (DE#1:3). Amador's appointed public defender failed to contact her regarding the charges, and eventually withdrew from the case on May 3, 2019. (*Id.*:3-4,6). At a hearing on that same date, the court denied Amador the right to be heard, and failed to explain the nature of the charges against her. (*Id.*:6). The petition alleges that Manahan has filed various motions in the trial court on Amador's behalf, all of which have been "ignored." (*Id.*:5).

According to the docket, the state trial court conducted a hearing on April 1, 2019, and found probable cause for the arrest. (Highlands County Circuit Court Docket, Case No. 282007CT000716TTAXMX).[2] On May 15, 2019, Manahan filed

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2554 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241.

[2] The court takes judicial notice of these records. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). Copies of the relevant records are being filed by separate court order and made part of these habeas petition proceedings.

the instant petition in this court. (DE#1).

### III. Discussion and Applicable Law

The Federal Rules of Civil Procedure provide that an incompetent person who does not have a duly appointed representative may sue by a "next friend." Fed. R. Civ. P. 17(c)(2). The plaintiff has the burden to establish standing to proceed on behalf of the real party and thereby to invoke the jurisdiction of the federal courts. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

In *Whitmore*, the Supreme Court detailed the requirements, stressing that "next friend standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. First, the would-be next friend must prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court. *Id*. at 163-65. Second, the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest. *Id*. at 163-64. Ultimately, "the burden is on the 'next friend' clearly to establish the propriety of his status, and thereby justify the jurisdiction of the court." *Id*. at 164. *See also Lonchar v. Zant*, 978 F.2d 637 (11th Cir. 1992) (applicable to habeas corpus cases).

Even if Craig Manahan could establish that he should be permitted to proceed as "next friend," because he is not a lawyer, he cannot bring this action on Amador's

behalf. *See Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978) ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law"). In a similar situation the Eleventh Circuit found that a mother, who was not an attorney, could not act as legal counsel for her minor child. *Fuqua v. Massey*, 615 F. App'x 611 (11th Cir. 2015) (citing *Devine v. Indian River Cnty. Sch Bd.*, 121 F.3d 576, 581 (11th Cir. 1997)). Since Craig Manahan cannot proceed as the attorney for the named petitioner, any pleadings and or motions filed by him are a nullity.

Accordingly, the instant case should be dismissed without prejudice. A dismissal without prejudice does not prevent a party from amending the complaint nor does it prevent a real party from asserting her habeas claims on her own behalf, if she is able to litigate her own cause.[3]

## IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying a petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if

---

[3] Even if Petitioner had standing, dismissal without prejudice would likely be appropriate pursuant to the principle of *Younger* Abstention. Principles of equity, comity and federalism counsel abstention in deference to ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). As discussed above, Randy Amador's criminal proceedings are ongoing in Highlands County Circuit Court.

4

the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, she may bring this argument to the attention of the district judge in objections.

## V. Conclusion

It is therefore recommended that the instant habeas petition be DISMISSED without prejudice for lack of jurisdiction, and that the case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge, except upon grounds of plain error or

manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed on this 28th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Randy Amador
      Inmate No. Unknown
      Highlands County Jail
      338 S. Orange Street
      Sebring, FL 33870
      PRO SE